IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRIS BENNETT,

    Plaintiff,

v.

HIGHLAND GRAPHICS, INC., and
RON WALL,

    Defendants.

Case No. 3:14-2408
Senior Judge Haynes

**M E M O R A N D U M**

Plaintiff, Chris Bennett, filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., against the Defendants Highland Graphic, Inc., and Ron Wall. Plaintiff also asserts claims under the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, and Tennessee common law. In sum, Plaintiff alleges that Defendant failed to pay his agreed salary. Plaintiff's claims are that the Defendants' failure to pay the agreed salary renders him a non-exempt employee under the FLSA and entitles him to overtime compensation for hours worked in excess of forty (40) hours in a workweek. Plaintiff also asserts that the Defendants' actions are retaliatory in violation of the FLSA and the TPPA. (Docket Entry No. 1 at ¶¶ 36-43).

Before the Court is Defendants motion to dismiss (Docket Entry No. 8), contending that as a salaried employee, Plaintiff is exempted from the FLSA and that his state law claims are preempted.

1

## A. Analysis of the Motion

According to his complaint, since March 2008, Plaintiff worked as an industrial designer and in May 2012, Plaintiff was promoted to vice president of operations. (Docket Entry No. 1, Complaint at ¶¶ 1, 10). Plaintiff had a H-1B visa immigrant worker from approximately 2014 until November 25, 2014 when Defendants terminated him. Id. at ¶¶ 8, 10.

Plaintiff was a salaried employee, with a promised annual base salary of approximately $120,000.00 in 2012 and $130,000.00 in 2013 and 2014. Id. at ¶ 11. Plaintiff alleges that the Defendants did not pay this salary and in 2012 and 2014 consistently made deductions from Plaintiff's salary without warning or rationale. See id. at ¶¶ 11-14. Plaintiff alleges that on multiple occasions, Plaintiff complained to Defendant Wall, President of Highland Graphics, of Defendants' violations, but was not paid his agreed salary. Id. at 37. On November 24, 2014, by written correspondence, Plaintiff again notified Defendant Wall of his complaints regarding Defendants' violation of the FLSA. Id. at ¶ 38. Plaintiff alleges that as a result, less than twenty-four hours later, Defendants terminated Plaintiff's employment in violation of the FLSA and TPPA. Id. at ¶¶ 36-43.

The standard on the motion to dismiss is whether Plaintiff's factual allegations "raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Fed. R. Civ. P. 8(a) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief'. Under Fed. R. Civ. P. 8(e), "Pleadings must be construed so as to do justice." On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiffs, with all reasonable inferences in the Plaintiffs' favor. Bassett v. Nat'l

Collegiate Athletic Ass;n, 528 F.3d 426, 430 (6th Cir.2008).

In Orton v. Johnny's Lunch Franchise, LLC, 668 F.3d 843, 850 (6th Cir. 2012), the Sixth Circuit reversed a district court's dismissal of a plaintiff-employee's FLSA claim, explained that the district court "neglected to place the burden of establishing the exemption on the defendants" in regards to whether the plaintiff's salary was improperly reduced for quality or quantity of work, explaining that the plaintiff need not plead the reason for the deduction because "it was the defendants' burden – not the plaintiff's to establish that the reason for the deduction was proper." Id. at 849 (citing Vance v. Terrazas, 444 U.S. 252, 270 n.11 (1980) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1276 (1969)). Given Plaintiff's allegations, the Court concludes that Plaintiff has stated a plausible FLSA claim. See also Carter v. Jackson-Madison County Hosp. Dist., 200 WL 1256625 (W.D. Tenn. March 31, 2011).

As to Plaintiff's claim for punitive damages for his termination, Defendant contends that Plaintiff's TPPA claim is preempted by the FLSA, citing Anderson v. Sara Lee, 508 F.3d 181(4th Cir. 2007). This Court concludes that the district courts of the Sixth Circuit have "the balance of authority weighs against preemption." Monahan v. Smyth Auto, Inc., 2011 WL 379129, at *5 (S.D. Ohio Feb. 2, 2011). See also Abadeer v. Tyson Foods, Inc., 2009 WL 2032397 (M.D. Tenn. July 10, 2009) (citing Carter, 2011 WL 1256625 (W.D. Tenn. March 31, 3011); Matthews v. ALC Partner, Inc., 2009 WL 2591497 (E.D. Mich. Dec. 9, 2008); Guerrero v. Brickman Group, LLC, 2007 WL 922420 (W.D. Mich. March 26, 2007); Corre v. Steltenkamp, 2006 WL 2385352 (E.D. Ky. Aug. 16, 2006) ("The FLSA does not completely preempt the wage and hour field. State regulation is permissible and contemplated under federal law); Hasken v. City of Louisville, 173 F.Supp.2d 654, 663-64 (W.D Ky. 2001) ("FLSA does not preempt state wage and

hour laws.") Moreover, "i[n] light of the savings clause, the better conclusion is that the FLSA does not provide the exclusive remedy for violations of its mandates." Espenschied v. Directsat USA, LLC and UniTrek USA, LLC, 708 F.Supp.2d 781, 790 (W.D. Wis. 2010).

For these reasons, the Court concludes that Defendants' motion to dismiss should be denied.

An appropriate Order is filed herewith.

ENTERED this the __18th__ day of May, 2015.

WILLIAM J. HAYNES, SR.
Senior United States District Judge