IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRIS BENNETT, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-2408 |
| | ) | Judge Waverly Crenshaw |
| HIGHLAND GRAPHICS, INC. and | ) | |
| RON WALL, | ) | |
|     Defendants | ) | JURY DEMAND |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT TO CONFORM JURY FINDINGS WITH THE LAW**

COMES NOW, the Defendants, Highland Graphics, Inc. and Ron Wall, by and through counsel, and hereby move to conform the jury findings with the law in this matter pursuant to Fed. R. Civ. P. 59(e). Defendants request this Court find that based upon the jury findings that Plaintiff worked no overtime, Plaintiff has not met his burden of proof to demonstrate a violation of the Fair Labor Standards Act. Therefore, Defendants respectfully request this court amend the findings to conform with the law, finding that Defendants did not violate the Fair Labor Standards Act as a matter of law.

**STATEMENT OF CASE**

This case was filed on December 31, 2014 by Plaintiff Chris Bennett, a former Vice President of Operations, in part alleging his former employer violated the overtime provisions of the Fair Labor Standards Act. (Doc. 1 PageID# 1) On June 1, 2015, Defendants Highland Graphics, Inc. and Ron Wall filed an Answer. (Doc. 20, PageID# 153) On March 21, 2017, this matter went to trial. On March 24, 2017, the jury returned a verdict finding that the Defendants violated the FLSA while finding that the Plaintiff did not work overtime. (Doc. 248, PageID# 4158) This motion is to correct

the inconsistency in these findings.

## STATEMENT OF THE LAW

a.   **Rule 59(e)**

A court may grant a Rule 59(e) motion to amend a judgment where there is a clear error of law or a need to prevent a manifest injustice. Allied Erecting & Dismantling Co. v. United States Steel Corp., 2016 WL 1059201, at *3 (N.D. Ohio, 2016) (citing Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)).

b.   **Overtime under the FLSA**

An employer must compensate a covered, non-exempt employee, who works more than forty hours per workweek overtime pay at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1)  When no overtime hours are worked by the employee in a workweek, and the employee is paid an amount that is equal to or greater than minimum wage, the employer has no responsibility to pay overtime. 29 C.F.R. §531.36; 29 C.F.R. §778.102

## ARGUMENT

I.   **JURY FINDINGS NECESSITATE AMENDMENT WHERE PLAINTIFF FAILED TO DEMONSTRATE OVERTIME OR MEET THE ELEMENTS OF A PRIMA FACIE FLSA CLAIM.**

The Fair Labor Standards Act compels employers to provide overtime pay to covered employees who work more than forty hours per week. See Jewell Ridge Coal Corp. v. Local No. 6167, 325 U.S. 161, 167, 65 S.Ct. 1063, 89 L.Ed. 1534 (1945).  An employer must compensate any covered, non-exempt employee, who works overtime at a rate not less than one and one-half times the regular rate at which he is employed.  29 U.S.C. § 207(a)(1).  In this case, even if Mr. Bennett was a covered employee, the jury found that no overtime hours were worked.  When no overtime is

worked by a covered employee in a workweek, and the employee is paid an amount that is equal to minimum wage, the employer has no further obligations. 29 CFR. §531.36 In short, if no more than the maximum number of hours is actually worked in a workweek by a covered employee, overtime compensation is not required. 29 CFR. §778.102 Liquidated damages, an essential element of proof for a violation of the FLSA, occurs when the employer fails to pay overtime to a covered employee who works more than forty hours in a workweek. 29 U.S.C. § 216(b).

In the jury trial conducted on March 21, 2017, and in the resulting jury verdict issued in this matter on March 24, 2017, the jury concluded that Plaintiff Chris Bennett did not work any overtime hours. (Doc. 248, PageID# 4158-4159) Therefore, the jury found Plaintiff Bennett worked forty hours or less in a work week. Regardless of whether he was mischaracterized as exempt, in an action by a covered employee to recover unpaid wages under the FLSA, the employee must prove by a preponderance of evidence that he performed work for which he was not properly compensated. Myers v. Copper Cellar Corp., 192 F.3d 546, 551 (6th Cir.1999) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)). An employer must possess actual or constructive knowledge of the employee's overtime hours in a workweek. Thus, where an employer has no knowledge that an employee is engaging in overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA. Monroe v. FTS USA, LLC, 763 F. Supp. 2d 979, 985-86 (W.D. Tenn. 2011)(citing Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir.1981)).

The jury determined that Plaintiff Bennett did not work over forty hours per week in any of the pay periods in which his salary was allegedly reduced. Because of the jury's finding that Plaintiff did not work any overtime, Plaintiff failed to meet an essential element necessary to demonstrate that

Defendants violated the Fair Labor Standards Act. Failing to satisfy the salary basis test is a failure to meet a white collar exemption as an affirmative defense. Failing to satisfy the salary basis test is not a violation of the Fair Labor Standards Act. This is the reason that the Defendants submitted a proposed jury verdict form to the Court that allowed the jury to select that a mischaracterization of exempt status was found. (Doc. 200, PageID# 3920) This jury verdict form submitted by Defendants countered potential confusion between the affirmative defenses provided for white collar employees and the presumption that the employee is covered under the Act. However, the jury verdict form used in this matter asks for a conclusion of law, a finding that the employer violated the FLSA, when in reality, there was no finding of overtime hours worked as an essential element of concluding there was a violation of the FLSA. In this case, at most, the Defendants were unable to prove the requirements of the white collar exemptions.

      Defendants Highland Graphics, Inc. and Ron Wall respectfully request this Court amend the findings to state that Defendants Highland Graphics, Inc. and Ron Wall did not violate the Fair Labor Standards Act as a matter of law where the jury found that no overtime hours were worked by Plaintiff Bennett.

Respectfully submitted,

/s/ Desireé J.C. Goff
John A. Beam, III, BPR #11796
Desireé J.C. Goff, BPR #31136
EQUITUS LAW ALLIANCE, PLLC
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
Telephone: (615) 251-3131
Facsimile: (615) 252-6404

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 3rd day of April, 2017, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system which will automatically send email notification of such filing to the following parties who are CM/ECF participants:

David W. Garrison, Esq.
Joshua A. Frank, Esq.
Seth Marcus Hyatt, Esq.
Barrett Johnston Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Attorneys for Plaintiff Chris Bennett

              /s/ Desireé Goff
              Desireé Goff