UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRIS BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:14-cv-02408 |
| ) | JUDGE CRENSHAW |
| HIGHLAND GRAPHICS, INC. and ) | |
| RON WALL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Amend Judgment (Doc. No. 253) under Fed. R. Civ. P. 59(e), seeking to amend the Judgment (Doc. No. 250) to reflect that Defendants did not violate the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1). Plaintiff filed a response. (Doc. No. 255.) Defendants filed a Motion for Leave to File Reply (Doc. No. 256) that is **GRANTED**. The Clerk is **DIRECTED** to file the proposed Reply as a separate docket entry. For the reasons discussed herein, Defendants' Motion to Amend Judgment (Doc. No. 253) is **GRANTED** and the Clerk is **DIRECTED** to enter an Amended Judgment clarifying that Judgment is entered in favor of Defendants on Plaintiff's claim for overtime pay under the FLSA.

After trial, the Jury returned a verdict on March 24, 2017 finding that: (1) Defendants improperly paid Plaintiff less than his full salary in 2014 in violation of the FLSA and (2) Plaintiff did not work any overtime hours during the time periods when his salary was improperly reduced. (Doc. No. 248.) The Jury further found that Defendants terminated Plaintiff's employment in

retaliation for his exercising his rights under the FLSA and awarded damages in the amount of $5,000 for retaliatory discharge. (Id.) The Clerk entered Judgment accordingly. (Doc. No. 250.)

Defendants argue that it was a clear error of law for the Judgment to reflect a verdict for Plaintiff on his FLSA overtime pay claim because the Jury found that Plaintiff in fact did not work any overtime hours. Plaintiff contends that it is possible for Defendants to violate the FLSA without incurring overtime damages. (Doc. No. 255 (citing Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1550 (2016), as revised (May 24, 2016).) The Court concludes that, even if Defendants misclassified Plaintiff as an exempt employee, they did not violate the FLSA overtime pay provision.

The FLSA requires employers to pay covered employees overtime compensation "at a rate not less than one and one-half times the regular rate" for every hour worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Thus, to establish a violation of this provision, an employee must prove: (1) that he worked more than forty hours in a particular work week; and (2) that he was not paid at least one and a half times his regular pay rate for the hours worked in excess of forty. Baden-Winterwood v. Life Time Fitness, Inc., 566 F.3d 618, 626 (6th Cir. 2009).

"Courts strive to harmonize apparently inconsistent verdicts." Hartzler v. Licking Cty. Humane Soc., 740 F.Supp. 470, 478 (S.D. Ohio 1990) (citing Werner v. Upjohn Co., Inc., 628 F.2d 848, 860 (4th Cir. 1980)). Here, the Jury's first finding was that the Defendants improperly paid Plaintiff less than his salary in 2014 in violation of the FLSA. The Jury's second finding was that Plaintiff did not work any overtime hours. To establish a violation of the FLSA's overtime-pay provision, Plaintiff had the burden of establishing that he worked more than forty hours in a particular work week. Here, the Jury found that Plaintiff was not paid his salary regularly but Plaintiff failed to prove that he worked any overtime. Accordingly, the Court concludes that the

Judgment should be amended to reflect that Defendants did not violate the overtime requirement in the FLSA when it paid his salary in 2014.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE