# IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| CHRIS BENNETT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 3:14-cv-2408 |
| ) | Judge Waverly Crenshaw |
| HIGHLAND GRAPHICS, INC. and ) | |
| RON WALL, ) | |
| ) | |
| Defendants ) | JURY DEMAND |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RENEWED JUDGMENT AS A MATTER OF LAW

COMES NOW, the Defendants, Highland Graphics, Inc. and Ron Wall, by and through counsel, and hereby move for renewed judgment as a matter of law because based upon the testimony at trial there is insufficient evidence for reasonable minds to conclude (1) an adverse employment action occurred in the form of a constructive discharge of Plaintiff Bennett, and (2) that Plaintiff Bennett showed a causal connection between the alleged employment action and the complaint submitted by his lawyer where the defendant showed legitimate business reasons for protecting corporate property. Therefore, there is no retaliation under the FLSA as a matter of law. Second, Defendants request a new trial on the issue of unjust enrichment on the basis that the jury instruction charge failed to contain an instruction concerning the affirmative defense of unclean hands based on the Plaintiff's clearly competitive conduct after leaving his employment with Highland Graphics. Last, Defendants move for a new trial because Plaintiff's unjust enrichment claim is preempted by the Fair Labor Standards Act, and therefore, inappropriate for the jury to decide a claim of unjust enrichment.

Case 3:14-cv-02408   Document 276   Filed 04/21/17   Page 1 of 20 PageID #: 4815

## STATEMENT OF THE CASE

This case was filed on December 31, 2014 by Plaintiff Chris Bennett, a former Vice President of Operations, alleging his former employer violated the overtime provisions of the Fair Labor Standards Act and retaliation under the Tennessee Public Protection Act. (Doc. 1 PageID# 1) On June 1, 2015, Defendants Highland Graphics, Inc. and Ron Wall filed an Answer citing the executive, highly compensated, and administrative exemptions under the Fair Labor Standards Act. (Doc. 20, PageID# 153)

On March 22, 2017, at the conclusion of the Plaintiff's proof, Defendants Highland Graphics, Inc. and Ron Wall moved for judgment as a matter of law. The Court denied this motion. On March 24, 2017, the Jury returned a verdict in favor of the Plaintiff on the issue of retaliation under the FLSA and for unjust enrichment, which was entered on March 24, 2017. (Doc. 248, PageID#4158) Pursuant to Rule 50(b), F.R.C.P., Defendants timely renewed their motion for judgment as a matter of law. Alternatively, Defendants' have moved for a new trial pursuant to Rules 50(b) and 59, F.R.C.P.

This motion renews these trial motions and raises the request made by Defendants in their Motion for Summary Judgment that Plaintiff's unjust enrichment claim is preempted by the Fair Labor Standards Act. (Doc. 138, PageID# 3161) Defendants also request this court reconsider its position on not instructing the jury on "unclean hands" and request a new trial on the issue of unclean hands.

## LEGAL STANDARD OF REVIEW

A party may renew a Motion for Judgment as a Matter of Law under Rule 50(b) after the verdict, and may include an alternative or joint request for a new trial under Rule 59. "[T]he

court may [1] allow judgment on the verdict, if the jury returned a verdict; [2] order a new trial; or [3] direct the entry of judgment as a matter of law." On a motion for new trial the court may consider the credibility of witnesses and the weight of the evidence; on a motion for judgment as a matter of law, the judge may not. Wright & Miller, Federal Practice and Procedure §2531. Rule 50(a), F.R.C.P. provides that on a motion for judgment as a matter of law, the court is to inquire whether there is any "legally sufficient evidentiary basis for a reasonable jury to find for [the opponent of the motion]." Weisgram v. Marley Co., 528 U.S. 440, 453-54, 120 S. Ct. 1011, 1020, 145 L. Ed. 2d 958 (2000) (internal citation omitted). Inadmissible evidence contributes nothing to a "legally sufficient evidentiary basis." Id. Rule 50(b) provides:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged- the movant may file a renewed motion for judgment as a matter of law.

Rule 50, F.R.C.P.

Under Rule 59(a)(1), the court "may, on motion, grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law or in federal court." The Sixth Circuit has determined that new trials under Rule 59 should be granted only when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias. Mitchell v. Boeicke, 440 F.3d 300, 303 (6th Cir.2006) The burden of demonstrating the necessity of a new trial is on the moving party, and the ultimate decision

whether to grant such relief is a matter vested within the sound discretion of the district court. When a party requests a new trial on the ground that the verdict is against the weight of the evidence, the verdict must be upheld "if it is one the jury reasonably could have reached; [the court] cannot set it aside simply because [the court] think[s] another result more justified." E.E.O.C. v. New Breed Logistics, 783 F.3d 1057, 1066 (6th Cir.2015)

For the reasons contained herein, Plaintiff failed to present a legally sufficient evidentiary basis for a reasonable jury to find in the Plaintiff's favor. Therefore, Defendants request judgment as a matter of law on the issues presented below.

## ARGUMENT

### I. PLAINTIFF FAILED TO DEMONSTRATE SUFFICIENT PROOF OF AN ADVERSE EMPLOYMENT ACTION, AND THEREFORE, THERE IS NO RETALIATION UNDER THE FLSA AS A MATTER OF LAW.

The facts as presented did not support constructive discharge as an adverse employment action. A reasonable jury cannot find constructive discharge based on the facts presented at trial. At trial, the testimony demonstrated that on November 21, 2014, Mr. Bennett requested permission to take a vacation day on Monday, November 24, 2014, for a field trip with his son. (Doc. 258, PageID# 4237) This was unusual because as Vice President, Mr. Bennett did not need Mr. Wall's permission to take a day off work for a field trip. (Doc. 258, PageID# 4236; Doc. 259, PageID# 4318, 4367) The vacation request only covered Monday, and Mr. Bennett did not show up for work on Tuesday, November 25, 2014. (Doc. 259, PageID# 4449) Without explaining his absence, on November 25, 2014 Mr. Bennett sent an email originating from the Eastern Time Zone inquiring as to his work status. (Doc. 259, PageID# 4446) Mr. Bennett did not show up for work on Tuesday, or on any day following. (Doc. 259, PageID# 4449) The employee payroll

records for Highland Graphics, Inc. indicate that Mr. Bennett walked off the job. (Doc. 260, PageID# 4635)   Testimony from several other Highland Graphics, Inc. employees substantiated these payroll records, testifying that Mr. Bennett walked off the job. (Doc. 259, PageID# 4369; Doc. 260, PageID# 4557, 4623) No reasonable jury can construe this factual testimony as supporting constructive discharge.

Further testimony at trial concerned how on Monday, November 24, 2015, Ron Wall received a letter from an attorney (the "lawyer letter") representing Chris Bennett accusing Highland Graphics, Inc. of violating Federal Immigration Law as well as the Fair Labor Standards Act. (Doc. 258, PageID# 4234-4236)  The court redacted those portions of the letter concerning alleged violations of the Federal Immigration Law.  These redactions however may have expressed a bias that the FLSA was in fact violated because of pay reductions instead of the Federal Immigration Law.  After sending this letter,  Mr. Bennett never returned to work nor did he call Mr. Wall to discuss the letter. (Doc. 259, PageID# 4327, 4450)

In the context of Title VII, the Sixth Circuit in Laster v. City of Kalamazoo, 746 F. 3d 714  (6th Cir. 2014) stated the elements for a constructive discharge as follows:

> A constructive discharge occurs when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation. Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir.1987) (quoting Pena v. Brattleboro Retreat, 702 F.2d 322, 325-26 (2d Cir.1983) (quoting Young v. Southwestern Sav. and Loan Ass'n, 509 F.2d 140, 144 (5th Cir. 1975))). To demonstrate a constructive discharge, Plaintiff must adduce evidence to show that 1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, and 2) the employer did so with the intention of forcing the employee to quit. Saroli v. Automation and Modular Components, Inc., 405 F.3d 446 (6th Cir.2005); Logan, 259 F.3d at 568.

Id. at 727.

In the context of the FLSA, the court in Brock v. Positive Changes Hypnosis, LLC, 589 F. Supp. 2d 974 (W.D. Tenn, 2008) found that Ms. Brock failed to establish an adverse employment action based on constructive discharge as a matter of law. After a Department of Labor investigation, Ms. Brock was not interested in giving back her overtime after the DOL re-characterized her as non-exempt. The court stated that plaintiff must adduce evidence to show that the employer deliberately created intolerable working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit. Id. at 983-984, citing Logan v. Denny's. Inc., 259 F.3d 558, 568-69 (6th Cir.2001)(quoting Moore v. KUKA Welding Sys., 171 F.3d 1073, 1080 (6th Cir.1999)). Therefore, constructive discharge requires proof of the employer's intent to force a resignation, and the employee's objective feelings. Id. at 984 (internal cites omitted)

No evidence was proffered demonstrating that Highland Graphics, through Mr. Wall, terminated Plaintiff, or issued any document evidencing that Plaintiff Bennett was terminated.(Doc. 259, PageID# 4321) After calling his lawyer, Mr. Wall knew this was a set up and testified that he took no action at all to affect a change in Mr. Bennet's employment status. (Doc. 259, PageID# 4321) Constructive discharge requires a finding that the employer acted deliberately and intentionally to force a resignation. Protecting company bank accounts and computer files is not sufficient for a reasonable juror to conclude that Highland Graphics and Mr. Wall acted deliberately and intentionally to force a vacationing employee to stay off the job and not return. As an affirmative defense, protecting company assets served a legitimate business purpose after Mr. Bennett called the IT professional to delete computer files. Mr. Bennett had the burden to show protecting company assets was pretext for his termination.

Mr. Bennett's objective feelings demonstrate he wanted to leave to start a new company. Mr. Bennett's feelings are clear before the lawyer letter arrives from his attorney. Specifically, Plaintiff Bennett admitted to firing his immigration attorney in early November, 2014.(Doc. 259, PageID# 4494-4495) One fires their immigration attorney when they are making plans to leave the country. Next, Mr. Bennett admitted to cleaning out his office before going on vacation and before the lawyer complaint letter ever arrived. (Doc. 259, PageID# 4428) After he goes on "vacation," Mr. Bennett contacted the IT provider about deleting emails and files, alarming the IT provider to the extent he called the company. (Doc. 259, PageID# 4494-4495; Doc. 259, PageID# 4428; Doc. 259, PageID# 4421) Multiple coworkers including Cecil Boswell, Eric Mayhew, Nenda Coffee and Ron Wall testified that Mr. Bennett's office was emptied before he went on "vacation" and that he never returned. (Doc. 260, PageID# 4623; Doc. 260, PageID# 4599; Doc. 259, PageID# 4371; Doc. 258. PageID# 4236) Mr. Wall testified that Mr. Bennett was personally dismissed from the White Dove lawsuit on November 18, 2014. (Doc. 259, PageID#4317) Plaintiff Bennett also testified that he incorporated a new similar business in Canada on Wednesday, December 10, 2014. (Doc. 259, PageID# 4489)

The only change was that on the IT company's recommendation, Mr. Bennett's email was turned off after Mr. Bennett's request to delete sensitive company documents. (Doc. 259, PageID# 4322) Mr. Bennett's objective feelings are expressed in his actions. Without incorrectly accepting the November 24, 2014 letter from lawyers as true, there are insufficient objective facts to support a conclusion that Mr. Bennett was subject to an adverse employment action on the basis of constructive discharge. There is scant evidence to support a conclusion that Mr. Wall acted deliberately and intentionally to create a work environment where Mr.

Bennett had no choice other than to resign. Also, a reasonable jury cannot construe protecting company finances and computer files as an objective belief on the part of the Plaintiff that he was terminated. In fact, protecting corporate assets is a legitimate business reason for the employer action as an affirmative defense. The Plaintiff has not carried his burden to objectively tie these two items to the lawyer letter. The redactions in the lawyer letter may have expressed a bias that the FLSA was in fact violated, when it was not.

Where there is no discharge event, Plaintiff Chris Bennett fails to meet the required element of proof for an adverse employment action, and as a result, his claim for retaliation under the FLSA fails as a matter of law.

## II. CHRIS BENNETT FAILED TO ESTABLISH A CAUSAL CONNECTION BETWEEN THE LAWYER'S LETTER AND THE EMPLOYER ACTION.

To establish a prima facie case of retaliation, an employee must prove that (1) he engaged in a protected activity under the FLSA; (2) his exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to him; and (4) there was **a causal connection** between the protected activity and the adverse employment action. See, e.g., Williams v. Gen. Motors Corp., 187 F.3d 553, 568 (6th Cir.1999)(emphasis added). Such a prima facie showing of retaliation "creates a presumption that the employer unlawfully discriminated against the employee." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Even if Plaintiff Bennett had a good faith belief that he engaged in a protected activity, he failed in meeting the elements necessary to establish a prima facie case of retaliation because he provided no proof connecting the lawyer's letter to the actions of Mr. Wall in limiting computer access and financial account access to protect corporate assets.

Mr. Wall protected company assets based on Mr. Bennett's call to the IT professional. Mr. Bennett did not report to work on Tuesday as expected following a written request for one day of vacation. These are independent legitimate business reasons for Mr. Wall's actions. There is no proof that "but for" receiving the lawyer letter Mr. Wall turned off external access to the company computer and the company financial accounts. Therefore, Mr. Bennett's claim of retaliation fails as a matter of law[1].

In Adair v. Charter County of Wayne, 452 F. 3d 482 (6th Cir. 2006) airport workers who carried pagers requested overtime pay. After their employer required them to turn in their pagers, they filed suit for retaliation under the FLSA. The court pointed that the fourth prong of the prima facie case requires plaintiffs to prove a causal connection. The plaintiff established a causal connection by producing, "sufficient evidence from which an inference can be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action." (citing Allen v. Michigan Dep't of Corrections, 165 F.3d 405, 413 (6th Cir.1999))  "Although no one factor is dispositive in establishing a causal connection, evidence that the defendant treated the plaintiff differently from identically situated employees or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation." (citing Allen). Standing alone, where the actions complained of followed the protected activity closely in time the proof is insufficient to establish the causation element of a retaliation claim. (citing Nguyen v. City of Cleveland, 229 F.3d 559, 566 (6th Cir.2000))  Even when a prima facie case

---

[1] In UNIV. OF TEX. SOUTHWESTERN MED. v. Nassar, 133 S. Ct. 2517 (2013) the Supreme Court explained that causation in "status-based discrimination" uses a lesser standard of motive, while the causation standard for retaliation requires "but-for" causation. This holding expanded a similar holding on ADEA retaliation cases in Gross v. FBL Financial Services, Inc., 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).

of retaliation is demonstrated by the plaintiffs, a showing of legitimate, nondiscriminatory reasons for instituting the allegedly adverse changes by the defendant rebuts the prima facie case. Id. at 491.

For example, Highland Graphics, Inc. had a legitimate, nondiscriminatory reason for protecting the company computer and bank accounts from outside manipulation. Mr. Bennett initiated a call to the IT provider who found the request to delete files suspect. Protecting these computer files was a legitimate employer interest. Mr. Bennett provided no proof to show that these legitimate business objectives were pretext for an adverse employment action based on his lawyer letter.[2] Even though the lawyer letter arrived a few days from the alleged action, Mr. Bennett's intervention with the computer system provides a legitimate business reason to cut off outside access to company equipment.

Defendants are asking this Court to following the burden shifting requirements of the law and find as a matter of law that there was no retaliation because Plaintiff has not demonstrated a causal, but-for, connection between the alleged employment action and the complaint he made through his lawyer. Causation to support retaliation is an issue for the Court because after the parties presented their evidence, the Court can adequately apply the burden shifting analysis to determine if Mr. Bennett established evidence to show pretext behind the employer action in protecting company property. The Plaintiff has no evidence of pretext in Mr. Wall protecting the bank accounts and computer files of the company after receiving notice of a threat from the IT provider. Far from pretext, Defendant Highland Graphics submits that the evidence

---

[2] The jury was not instructed on legitimate business reasons for protecting company assets or on the requirements to prove pretext because this complex burden shifting formula is proper for the court to decide.

demonstrated that Plaintiff anticipated resigning and conceived a plan to induce a termination prior to his planned return to Canada where he was starting a competing business venture.

Plaintiff failed to show an adverse employment action occurred, and if one did occur, it was not casually connected to the complaint submitted in the form of a lawyer's letter while Plaintiff was on "vacation." There is no adverse employment action when an employee fails to return to duty and no retaliatory action from Highland Graphics, Inc. occurred after receiving the November 24, 2014 letter from Chris Bennett's attorney alleging violations of the Fair Labor Standards Act. Ms. Coffee testified that Mr. Bennett walked off the job and did not return after taking a vacation day on November, 24, 2014. (Doc. 259, PageID# 4368-4369) She also testified that Mr. Bennett's email access was changed because clients and customers were in need of being contacted by Highland Graphics, Inc. and because the IT company notified Highland Graphics that Mr. Bennett requested that all of his emails be deleted. (Doc. 259, PageID# 4369-4370) Diane Crabtree testified that in late November or early December, Highland Graphics, Inc. needed access to the emails that came to Mr. Bennett's email address and the IT company helped them accomplish that. (Doc. 260, PageID# 4457-4458) Ron Wall testified that they received a call from the IT provider that Mr. Bennett was attempting to delete Highland Graphics, Inc. emails and so his password was removed after the IT company notification. (Doc. 258, PageID# 4239) Mr. Wall also testified that on the IT company's recommendation, Mr. Bennett's email was turned off after Mr. Bennett request to delete sensitive company documents. (Doc. 259, PageID# 4322) Mr. Bennett himself testified to contacting the IT personnel while on vacation and requesting access to have Highland Graphics, Inc. files deleted from his personal laptop. (Doc. 259, PageID# 4428) This is strong evidence of a legitimate business interest in protecting

company assets. This interest arose after the lawyer letter and was based on Mr. Bennett's own suspicious inquires to the IT provider while he was on vacation.

Plaintiff Bennett must establish a but-for causal connection between the complaint on November 24, 2014 and an adverse employment action. Chris Bennett submitted a vacation request on November 21, 2014 for November 24, 2014. Mr. Bennett never returned to work after November 24, 2014. No document was created or issued that purports to terminate Chris Bennett. Ron Wall never contacted Mr. Bennett or informed him that he was no longer working for Highland Graphics, Inc. after he walked off the job. There is no dispute that Chris Bennett never received any adverse employment directive from Highland Graphics, Inc. The only fact Mr. Bennett can point to is that his company e-mail was closed after he failed to return to duty. A move which was prompted by Mr. Bennett's own request to the IT provider to delete his emails, and because Highland Graphics needed to access customer and vendor emails and information. (Doc. 259, PageID# 4322; Doc. 258, PageID# 4239)

Mr. Bennett demonstrated by his actions in firing his immigration attorney and in cleaning out his office before leaving on vacation that he did not plan on coming back to work at Highland Graphics, Inc. Mr. Bennett himself testified to firing his immigration attorney in early November. Finally, multiple coworkers including Cecil Boswell, Nenda Coffee, Ron Wall and Eric Mayhew testified that Mr. Bennett cleaned out his office prior to taking a vacation day in late November, 2014.

Without but-for causation connecting the lawyer letter to the alleged adverse employment action, Plaintiff Bennett's claims of retaliation under the Fair Labor Standards Act fail as a matter of law. Defendant Highland Graphics, Inc., and Ron Wall request judgment as a

Page 12 of 20

Case 3:14-cv-02408   Document 276   Filed 04/21/17   Page 12 of 20 PageID #: 4826

matter of law that Chris Bennett's claims of retaliation under the Fair Labor Standards Act fail because he failed to present sufficient proof to demonstrate a constructive discharge, and failed to present sufficient proof to casually connect that action to the complaint made through a lawyer letter.

### III. FLSA PREEMPTION PREVENTS DOUBLE RECOVERY ON PLAINTIFF'S UNJUST ENRICHMENT CLAIM.

Defendants Ron Wall and Highland Graphics, Inc. request a new trial on unjust enrichment pursuant to Fed. R. Civ. P. 59 because Mr. Bennett's unjust enrichment claim was preempted by his Fair Labor Standards Act claims. Unjust enrichment claims are preempted where there is a duplication of remedies because the Congressional intent is best served by preventing a duplication of remedies. Cannon v. Citicorp Credit Servs., Inc., 2014 WL 1267279 at *9 (E.D. Tenn. 2014) Id. at *9. Congress intended to carve out exemptions for highly compensated employees and officers through permitted statutory exemptions, and allowing recovery for unjust enrichment prevents the employer from realizing the full scope of these exemptions.

A federal statute can preempt state law in three ways: (1) express preemption; (2) implied preemption, which occurs when Congress occupies the field so pervasively that it leaves no room for the states to supplement it; and (3) conflict preemption, which occurs when the federal law is in "irreconcilable conflict" with state law. See Sardisco v. Direct Import Home Decor, Inc., 2014 WL 3014369 at * 3 (N.D. Ohio July 2, 2014) (citations omitted). As courts have recognized, express and implied preemption are inapplicable to FLSA; thus, the question is whether the unjust enrichment claim brought Plaintiff is barred by conflict preemption. See Woodall v. DSI

Case 3:14-cv-02408   Document 276   Filed 04/21/17   Page 13 of 20 PageID #: 4827

Renal, Inc., 2012 WL 1038626 at * 4 (citing Anderson v. Sara Lee Corp., 508 F.3d 181, 191 n.10 (4th Cir. 2007)).

While this Court previously held that unjust enrichment was not preempted by the FLSA, Defendants request reconsideration. An actual conflict arises when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Hillsborough Cnty. v. Automated Med. Labs, Inc., 471 U.S. 701, 721 (1985) This Court cited Cannon v. Citicorp Credit Services, Inc., (USA), 2014 WL 1267279 (E.D. Tenn., 2014) in its opinion denying Defendants' Motion for Summary Judgment on the issue of preemption. (Doc. 150, PageID# 3597) However, Cannon fails to delve into the issue much deeper than simply citing to Carter v. PJS of Parma, Inc., 2016 WL 1316354 (N.D. Ohio, 2016). While Carter is also a considered viewpoint in this circuit that unjust enrichment is not preempted by the FLSA, Defendants would argue that in Carter the Court only determined the unjust enrichment issue not to be preempted at that particular stage of the proceedings. Carter v. PJS of Parma, Inc., 2016 WL 1316354 *5 (N.D. Ohio, 2016) That particular stage being the early stages of litigation. In fact, in Cannon, the Court states that if, at a later time, it became clear that the plaintiffs sought compensation for what would also be classified as overtime, then the Court might readdress the issue through defendants' motion, election of remedies or some other situation. Cannon v. Citicorp Credit Servs., Inc., (USA), 2014 WL 1267279, at *5 (E.D. Tenn. 2014) That later time passed without the Court readdressing the issue in this case when both the FLSA claims and Plaintiff's unjust enrichment claims went to trial and the Court failed to elect remedies that would prevent double recovery prior to the issue going to the jury.

Courts in this jurisdiction have found that Fair Labor Standards Act claims are preempted

to prevent double recovery. See <u>Pacheco v. Boar's Head Provisions Co.</u>, 2010 WL 1323785 (W.D. Mich. 2010) In <u>Pacheco</u>, the plaintiffs sought the same relief under both the FLSA claim and their unjust enrichment claim. The court dismissed their unjust enrichment claim because they failed to state a sufficient basis for bringing an independent action for equitable relief. The court stated that the plaintiffs failed to suggest that they did not have a full, complete, and adequate remedy under the FLSA, nor did they show that there was some feature of their case peculiarly within the province of a court of equity. Accordingly, the Court dismissed the unjust enrichment claim because it was preempted by the FLSA claim. <u>Pacheco v. Boar's Head Provisions Co.</u>, 2010 WL 1323785, at *5 (W.D. Mich. 2010) A Fourth Circuit opinion, <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181 (4th Cir. 2007), while not controlling, has been discussed multiple times in determining its influence on this circuit. One such time was in <u>Woodall v. DSI Renal, Inc.</u>, 2012 WL 1038626 (W.D. Tenn. 2012). However, <u>Woodall</u> in declining to follow <u>Anderson</u>'s lead in holding that the FLSA preempts unjust enrichment claims, distinguished itself from <u>Anderson</u> by stating that she was not pursuing remedies under state law to enforce the rights provided to her under the federal statute. <u>Woodall</u> at *5. In <u>Anderson</u>, production workers at a Sarah Lee bakery challenged a company dress policy that did not compensate employees for time spent changing in and out of company mandated uniforms. Recognizing that " 'the FLSA provides an unusually elaborate enforcement mechanism,' " the Fourth Circuit held that the FLSA preempted the plaintiffs' state-law claims for fraud, breach of contract and negligence because "Congress prescribed exclusive remedies in the FLSA for violations of its mandates," particularly where the "state claims all depend on establishing that Sara Lee violated the FLSA, either in good faith or willfully." <u>Id.</u> at 192–194 (quoting <u>Kendall v. City of Chesapeake</u>, 174

F.3d 437, 443 (4th Cir.1999). Anderson is applicable here because the proof required for the state law claims was the same as the proof required for the FLSA action.

Other circuits concur with the finding in Pacheco and Anderson, holding that claims of unjust enrichment are preempted by the Fair Labor Standards Act to prevent double recovery. See Richmond v. Advanced Pain Consultants, SC, No. 15 C 479 (N.D. Ill. 2015); Moeck v. Gray Supply Corp., 2006 WL 42368, at *2 (D.N.J. Jan. 6, 2006); Johnson v. Davis Sec., Inc., 217 F. Supp. 2d 1224, 1227-28 (D. Utah 2002); Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457 (E.D. New York, 2011). The First Circuit in Roman v. Maietta Const., Inc., 147 F.3d 71, 76 (1st Cir.1998) held that a plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim. In the Third Circuit, in Gutwirth v. Woodford Cedar Run Wildlife Refuge, 38 F. Supp.3d 485 (Dist. Ct. D. New Jersey, 2014), the plaintiff attempted to amend her complaint to assert claims for unjust enrichment and breach of contract. The Court noted how the Third Circuit had not addressed this precise preemption issue yet, but other courts had concluded that the FLSA preempts a plaintiff's common law claims where the common law claims duplicate or rely upon the same facts as the plaintiff's FLSA claim. In evaluating whether the FLSA preempts the state law claim, the Court stated that an examination of whether the state law claim rests upon the same facts and circumstances as the FLSA claim must be made. Id. at 489. Because the proposed unjust enrichment claim requested essentially the same relief as would be provided under an FLSA violation, namely overtime compensation, the Court found that the FLSA preempted the proposed unjust enrichment claim. Id. at 491.

Because the claims made by Mr. Bennett for overtime in the years 2012 and 2014 are

based on and rely on the same facts and Mr. Bennett's FLSA claims, because essentially the same relief was requested by Mr. Bennett for both his FLSA and his unjust enrichment claims, and because no preventive measures were put in place in the jury instructions to bar double recovery or demonstrate what the recovery was for, with no instructions to prevent a duplication of remedies, Defendants request a new trial.

IV. **NEW TRIAL NECESSARY ON BASIS OF FAILURE TO INCLUDE JURY INSTRUCTION ON PLAINTIFF'S UNCLEAN HANDS.**

Obvious and prejudicial error in instructing the jury constitutes grounds for a new trial even if the party assigning the instructions as error failed to object before the trial court. Fryman v. Fed. Crop Ins. Corp., 936 F.2d 244, 248 (6th Cir. 1991)(citing Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987)). The grant of a new trial under these circumstances falls within the trial court's discretion to act to prevent a miscarriage of justice. See Wilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1433–35 (4th Cir.1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). The critical inquiry with regard to jury instructions is "whether the instructions as a whole provide the jury with sufficient guidance concerning the issues to be tried." Bagherzadeh v. Roeser, 825 F.2d 1000, 1003 (6th Cir.1987) (quoting Teal v. E.I. Dupont de Nemours and Co., 728 F.2d 799, 802 (6th Cir.1984)).

Defendants Ron Wall and Highland Graphics, Inc. raised the issue of Mr. Bennett's unclean hands prior to the trial in Defendants' Proposed Jury Instructions. (Doc. 199, PageID# 3918) A close examination of the Proposed Pretrial Order also lends itself to the interpretation that Defendants raised the issue of unclean hands in the last sentence of their theory of the case concerning the actions of Mr. Bennett as well as in the issues for the Court to consider. (Doc.

Page 17 of 20

Case 3:14-cv-02408   Document 276   Filed 04/21/17   Page 17 of 20 PageID #: 4831

219, PageID# 4046) Defendants also raised the issue before the Court in objecting to the jury instructions. (Doc. 260, PageID# 4652) Given the amount of times Defendants raised the issue, it was clear Defendants did not waive their concern over Mr. Bennett's unclean hands. In Kaltreider v. Simmons, 2015 WL 5436853, at *6 (M.D. Tenn. 2015), Simmons argued that Kaltreider had "unclean hands" because Kaltreider disclosed his own formulas to Dr. Martin Moore. Because Simmons did not raise the defense of unclean hands in his Amended Answer, in support of his Rule 56 motion, in his pretrial "Succinct Statement of the Case", in his proposed jury instructions, or in his Rule 50(a) motion before the jury began its deliberations, the court found that Simmons waived the right to assert this defense at trial and, by the same token, waived the right to assert it in a post-trial Rule 50(b) motion. In contrast to this, Defendants Highland Graphics, Inc. raised their defense of unclean hands in their proposed jury instructions, and Defendants raised the issue once again at the end of their proof. (Doc. 199, PageID# 3918; Doc. 260, PageID# 4652)

Defendants Highland Graphics and Ron Wall respectfully request a new trial on the issue of unjust enrichment.

## CONCLUSION

Plaintiff Bennett's retaliation claims fail as a matter of law. Plaintiff did not prove his employer intentionally forced a resignation. Rather, Mr. Bennett's objective goals and feelings were demonstrated by cleaning out his office prior to complaining through his lawyer in a letter. Assuming there was a constructive discharge (and there was not), the discharge was not casually connected to the lawyer's letter on November 24, 2014. Plaintiff Bennett failed to make out two of the required elements for a claim of retaliation under the FLSA.

Generally, there is no adverse employment action when an employee fails to return to duty after a day of vacation. More specifically in this case, after receiving the November 24, 2014 letter from Mr. Bennett's attorney alleging violations of the Fair Labor Standards Act, Mr. Bennett himself called the IT provider with requests about his emails and computer files. Highland Graphics, Inc. reacted with legitimate business concern to protect its computer files and financial accounts. Mr. Bennett has not carried his burden of proof to show that protecting corporate assets was pretext for terminating him for complaining about his pay under the FLSA.

Defendants Ron Wall and Highland Graphics, Inc. request Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50 concerning Mr. Bennett's claim for retaliation. Defendants also request a new trial pursuant to Fed. R. Civ. P. 59 because claims made by Mr. Bennett for overtime compensation in the years 2012 and 2014 under an unjust enrichment theory were preempted by the Fair Labor Standards Act to prevent double recovery, and because of the error in failing to instruct the jury on Defendants' affirmative defense of unclean hands resulting from the Plaintiff establishing a competing business.

Respectfully submitted,

/s/ Desireé J.C. Goff
John A. Beam, III, BPR #11796
Desireé J.C. Goff, BPR #31136
EQUITUS LAW ALLIANCE, PLLC
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
Telephone:  (615) 251-3131
Facsimile:  (615) 252-6404

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2017, I electronically filed the foregoing

Memorandum in Support of Renewed Motion for Judgment as a Matter of Law with the Clerk of this Court using the CM/ECF system which will automatically send email notification of such filing to the following parties who are CM/ECF participants:

David W. Garrison, Esq.
Joshua A. Frank, Esq.
Seth Marcus Hyatt, Esq.
Barrett Johnston Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Attorneys for Plaintiff Chris Bennett

/s/ Desireé Goff
Desireé Goff