IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRIS BENNETT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-2408 |
| | ) | Judge Waverly Crenshaw |
| HIGHLAND GRAPHICS, INC. and | ) | |
| RON WALL, | ) | JURY DEMAND |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIQUIDATED DAMAGES AND PRE-JUDGMENT INTEREST

COMES NOW, the Defendants, Highland Graphics, Inc. and Ron Wall, by and through counsel, and hereby respond in opposition to Plaintiff's Motion for Liquidated Damages and Pre-Judgment Interest[1]. (Doc. 269)  Plaintiff failed to prove an overtime violation, and this Court amended the judgment to reflect no violation of the FLSA overtime provisions. Defendants demonstrated reasonable evidence of good-faith belief that the Plaintiff was exempt from the overtime rules as Vice President, and if not exempt, did not work overtime. Defendants request this Court deny Plaintiff's motion for liquidated damages and prejudgment interest.

### STATEMENT OF CASE

This case was filed on December 31, 2014 by Plaintiff Chris Bennett, a former Vice President of Operations, alleging his former employer violated the overtime provisions of the Fair Labor Standards Act, retaliation under the Tennessee Public Protection Act, and under the FLSA. (Doc.

---

[1] The Supreme Court has held that a plaintiff cannot recover both liquidated damages and prejudgment interest under the Fair Labor Standards Act. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715-716 (1945); Lilley v. BTM Corp., 958 F.2d 746, 755 (6th Cir.), cert. denied, 506 U.S. 940, 113 S.Ct. 376, 121 L.Ed.2d 287 (1992).

Page 1 of 9

1 PageID# 1) On March 21, 2017, this matter went to trial. On March 24, 2017, the jury returned a verdict finding that the Plaintiff did not work any overtime hours. (Doc. 248, PageID# 4158) On April 19, 2017, the Court issued an Amended Judgment finding that Defendants did not violate the overtime requirements of the FLSA. (Doc. 271, PageID# 4803) This motion is in response to Plaintiff's Motion for Liquidated Damages and Pre-Judgment Interest.

### STATEMENT OF LAW

Section 216(b) of the Fair Labor Standards Act provides that "any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as to liquidated damages." 29 U.S.C. §216(b).

A district court has the discretion not to award liquidated damages if the employer shows that it acted in good faith and had reasonable grounds for believing that its act or omission was not a violation of the Fair Labor Standards Act. 29 U.S.C. § 260. Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 840 (6th Cir.2002)  The award of liquidated damages is closely related to the willfulness issue.  Dole v. Elliott Travel & Tours, Inc., 942 F. 2d 962, 967 (6th Cir. 1991)

### ARGUMENT

**I.    SINCE  LIQUIDATED DAMAGES ARE COMPENSATION WHERE PLAINTIFF DROPPED HIS CLAIM OF WILLFULNESS AND FAILED PREVAIL ON HIS OVERTIME CLAIM, LIQUIDATED DAMAGES ARE PUNITIVE.**

An employer who violates the FLSA's overtime provisions may be liable to the employee in the amount of his unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages under the FLSA are compensation, not a penalty or punishment. McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir.1971) (citing Overnight Motor

Page 2 of 9

Case 3:14-cv-02408   Document 280   Filed 04/28/17   Page 2 of 9 PageID #: 4856

Co. v. Missel, 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942)); see also Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) In Brooklyn Sav. Bank, the Supreme Court stated that the public policy behind liquidated damages is to recognize "that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being." Id. In this case, Mr. Bennett was at all times the highest compensated individual at Highland Graphics. (Doc. 259, PageID# 4308) As the highest paid executive in the company, protecting his minimum standard of well-being is inconsistent with the public policy supporting the remedy of liquidated damages.

On March 24, 2017, the jury returned a verdict finding that the Plaintiff did not work any overtime hours. (Doc. 248, PageI D# 4158) On April 19, 2017, the Court issued an Amended Judgment finding that Defendants did not violate the overtime requirement of the FLSA. (Doc. 271, PageID# 4803) This jury verdict and the accompanying Amended Judgment demonstrate that Plaintiff failed to meet his burden to demonstrate that he performed work for which he was not compensated. In an action by an employee to recover unpaid wages under the FLSA, the employee must prove by a preponderance of evidence that he performed work for which he was not properly compensated. Myers v. Copper Cellar Corp., 192 F.3d 546, 551 (6th Cir.1999) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)). Failure to meet this preponderance of evidence standard is exhibited by the jury's finding that Plaintiff did not work any overtime hours in the time periods alleged and that Plaintiff was not due any unpaid wages under the FLSA. See Myers v. Copper Cellar Corp., 192 F.3d 546 (6th Cir. 1999)(having

failed to prove actual damages on their FLSA claim, plaintiffs' dependent claim for statutory liquidated damages was moot). Because it is settled law that the purpose of liquidated damages is to act as compensation to an individual, not as a penalty or punishment to the violating party, and Plaintiff cannot meet the minimum threshold requiring him to demonstrate that he was not compensated adequately, his claim for liquidated damages must fail.

Plaintiff Bennett held oversight of the business operations of Highland Graphics. Plaintiff Bennett held authority over FLSA compliance. He cannot say Highland Graphics acted in bad faith when he was the person acting for the company. He supervised the timekeeping and payroll functions. He gave raises. He funded payroll for the company. He and his secretary, Nenda Coffee, were the only two people who interacted with the payroll service.

Plaintiff Bennett never discussed FLSA violations with Ron Wall. Plaintiff Bennett did not report any FLSA violations to any outside agency until after his employment ended. Plaintiff Bennett never complained to Beth Bradley, the FLSA compliance officer for Highland Graphics, Inc. that he was not being paid in accordance to the Fair Labor Standards Act.

In <u>Frye v. Baptist Memorial Hosp., Inc.</u>, 2011 WL 1595458 (W.D. Tenn. 2011), the court determined that because Baptist had no reason to believe that its automatic deduction policy and corresponding exception log system violated the FLSA, Baptist cannot be held to ignore the FLSA. Likewise, Defendant Highland Graphics had no reason to believe that Chris Bennett, who oversaw FLSA compliance, hiring, and the payroll department, and who was paid over $100,000 per year, was not being compensated for his hours worked as an exempt executive level employee under the FLSA. Defendants had every reason to believe their payroll system and payroll company, overseen by Plaintiff Bennett, fully complied with the FLSA, especially when no prior violations existed and

Plaintiff failed to express any complaints regarding his overtime compensation to Ron Wall or any other person. Highland Graphics respectfully requests the court to find that it acted in good faith and deny liquidated damages which, in this case, only serve the purpose of punishing, not compensating.

## II. EVIDENCE AT TRIAL DEMONSTRATED REASONABLENESS IN DEFENDANTS' BELIEF THAT PLAINTIFF WAS COMPENSATED IN ACCORDANCE WITH THE FLSA.

Although the jury returned a verdict finding Plaintiff did not work any overtime hours, if the Court determines that Plaintiff is due compensation for retaliation, the good-faith demonstrated by Defendants prevents liquidated damages. Plaintiff waived any argument to Defendant's good faith or lack thereof prior to trial by agreeing to stipulate to Defendants lack of willfulness before the trial even began. (Doc. 215, PageID# 4027) Closely related to the question of willfulness on the part of the defendants is the issue of liquidated damages." Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 964, 967 (6th Cir.1991) While the lack of willfulness on the part of Defendants does not fully dispose the good faith question, coupled with Defendants' actions, which they reasonably believed to be incompliance with the law, demonstrates that Defendants good-faith which negates Plaintiff's request for liquidated damages.

A district court has the discretion not to award liquidated damages if the employer shows that it acted in good faith and that had reasonable grounds for believing that its act or omission was not a violation of the Fair Labor Standards Act. 29 U.S.C. § 260. This burden on the employer is substantial and requires "proof that [the employer's] failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." McClanahan at 322.

Plaintiff Bennett relied on Jackson v. Maple Dips, LLC, 2017 WL 991701 (S.D. Ohio Mar.

14, 2017)(damages hearing following default judgment against Maple Dip)(Doc. 270, PageID#4756). In Jackson, Ms. Jackson worked two jobs while she worked for Maple Dips. The Court found that an additional award of liquidated damages is not justified where "liquidated damages would have little deterrent effect" on this particular employer. In the case at hand, there was no violation of the overtime provisions of the FLSA. Therefore, liquidated damages would have little deterrent effect on Highland Graphics and the way it compensates its highest paid employee.

The testimony at trial demonstrated that Defendants did not believe they were in violation of the Fair Labor Standards Act. Ron Wall testified to having many discussions with Plaintiff regarding needing to re-negotiate his salary for a period of time because of the financial difficulties facing the company. (Doc. 258, PageID# 4250) Other employees testified that Mr. Wall spoke with them about reducing their pay prior to implementing the pay cuts as well. (Doc. 260, PageID# 4626) Plaintiff produced a March 4, 2014 e-mail from Mr. Wall to Plaintiff as evidence of the pay cuts. (Doc. 258, PageID# 4223) This email only reinforces the fact that Mr. Wall spoke with Plaintiff prior to implementing the pay cut and notified him of it. In addition to these salary renegotiations, Plaintiff agreed before trial to stipulate that Mr. Bennett met the executive, administrative and highly-paid exemptions. (Doc. 216, PageID# 4029) Coupled with a salary over $100,000 in 2013 and 2014, Highland Graphics, Inc. was reasonable in its belief that it was not violating the Fair Labor Standards Act in its pay of Plaintiff. Based upon this reasonableness, it is unfair to impose more than compensatory damages against Defendants. Especially given the facts of this particular case where the jury did not find, based upon the evidence demonstrated at trial, that Plaintiff was even due any compensation. Even if Plaintiff argues that he is entitled to liquidated damages on the retaliation award by the jury, he willingly waived arguing that Defendants lacked good faith prior to trial in

stipulating to the administrative and executive exemptions as well as stipulating that Defendants were not willful in any alleged FLSA violation.

### III. PREJUDGMENT INTEREST IMPROPER WHERE DEFENDANT NOT UNJUSTLY ENRICHED.

The decision to grant pre-judgment interest lies within the sound discretion of the Court. Serbin v. Fortis Benefits Ins. Co., 79 F. Supp. 2d 864, 870 (N.D. Ohio 2000) See also 29 U.S.C. § 1132(g)(1). An award of pre-judgment interest is compensatory, not punitive in nature. In considering whether to award prejudgment interest or not, a court may consider whether the losing party has been unjustly enriched. Serbin v. Fortis Benefits Ins. Co., 79 F. Supp. 2d 864, 870 (N.D. Ohio 2000)(citing Tiemeyer v. Community Mutual Ins. Co., 8 F.3d 1094, 1102 (6th Cir.1993), cert. denied, 511 U.S. 1005, 114 S.Ct. 1371, 128 L.Ed.2d 48 (1994)). In Serbin, Fortis asked for pre-judgment interest and an award of attorney's fees. Without any documentary support, Fortis broadly claimed that it "lost use of funds necessary to pay claims and benefits to other participants" in the plan. Id. at 870. Serbin, argued that she has not been unjustly enriched and that Fortis has not been unduly injured. Serbin spent over $72,000 in attorney's fees to litigate her underinsured motorist claim against Commercial Union; had she not done so, Fortis would not be recovering the monies it expended. In addition, Fortis did not notify the Serbins of the plan's reimbursement rights until 1997, and Serbin moved promptly in initiating a declaratory judgment action. In light of the foregoing, the court concluded that an award of pre-judgment interest was not appropriate. Serbin at 870.

Defendants request this Court examine whether they were unjustly enriched by Mr. Bennett's work while at Highland Graphics, Inc. Testimony presented at trial overwhelmingly demonstrated

how Highland Graphics, Inc. was not benefitted by Mr. Bennett's tenure as Vice-President. Highland Graphics, Inc. endured the loss of a multi-million dollar licensing line because Mr. Bennett failed to renew the contracts and oversee the paperwork; they encountered production and manufacturing issues and delays because of improper materials ordering; they were forced to lay off multiple employees and cut hours; and Mr. Wall was forced to cash in his children's college funds to keep the company afloat. (Doc. 259, PageID# 4286, 4297; Doc. 260, PageID# 4597; Doc. 258, PageID# 4225) This testimony demonstrates the injury suffered by Highland Graphics, Inc. while Mr. Bennett functioned as its Vice-President and how badly it was financially injured as opposed to being unjustly enriched. Mr. Bennett's actions put the company in financial peril and did not financially benefit the company. Defendants request this Court evaluate the testimony at trial and deny Plaintiff's motion for prejudgment interest on the jury's unjust enrichment award because Plaintiff was not unjustly enriched.

In Lativafter Liquidating Trust v. Clear Channel Commc'ns, Inc., 2008 WL 2697351 (E.D. Tenn. July 1, 2008), aff'd, 345 F. App'x 46 (6th Cir. 2009)[2], after hearing argument requesting 10% post-judgment interest, found that "10% appears to this court to be punitive" where the actual interest rates during the relevant period are lower. The court found that, on average, the interest rate between September 9, 2005 and December 14, 2007 was 4.666%, and awarded this rate as reasonable post-judgment interest. The Wall Street Journal average prime rate between the filing of the complaint in December 2014 through March 2017 is 3.44%. This rate reflects the cost of money and is not punitive on the recipient.

---

[2]Prejudgment interest award confirmed on appeal in Lativafter Liquidating Trust v. Clear Channel Commc'ns, Inc., 345 F. App'x 46 (6th Cir. 2009).

## CONCLUSION

For these reasons, Defendants respectfully requests this Court deny Plaintiff's motion for liquidated damages and pre-judgment interest.

Respectfully submitted,

/s/ Desireé J.C. Goff
John A. Beam, III, BPR #11796
Desireé J.C. Goff, BPR #31136
EQUITUS LAW ALLIANCE, PLLC
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
Telephone: (615) 251-3131
Facsimile: (615) 252-6404

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2017, I electronically filed the foregoing Response to Plaintiff's Motion for Liquidated Damages and Pre-Judgment Interest with the Clerk of this Court using the CM/ECF system which will automatically send email notification of such filing to the following parties who are CM/ECF participants:

David W. Garrison, Esq.
Joshua A. Frank, Esq.
Seth Marcus Hyatt, Esq.
Barrett Johnston Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Attorneys for Plaintiff Chris Bennett

/s/ Desireé Goff
Desireé Goff